Weldon, J.,
delivered the opinion of the court:
This is a proceeding to recover certain fees as a commissioner of the Circuit Court of the United States for the district of Minnesota from January 1st, 1887, to March 31st, 1888, which were disallowed by the accounting officers of the Treasury Department. The accounts before being presented to the Department were submitted to the Circuit Court of the United States for said district, and were approved, according to the requirements of the Act February 22, 1875 (Í8 Stat. L., 333).
In the accounts for fees presented to the Department, the sum of $958.05 was disallowed as being unlawful, and for those rejected fees this suit was brought. The disallowed fees consist of 10 items, as shown by the findings. For those *4 items thus disallowed, we give judgment for eight and dismiss as to two. The more important charges have been dismissed* The first charge rejected by the accounting officer is “ Per diem in such criminal cases, where more than one case was. heard, and decided on the same day, at $5 each, $195. The claimant was allowed for the same days in other cases.” The item presents the question whether a commissioner is entitled to recover for more than one per diem, for the same day, when he tries more than one case; the cases being heard at different places, but in the same city, near each other. The statute provides “ For hearing and deciding in criminal charges five dollars a day for the time necessarily employed ” (Rev. Stat., 847). It has been held by the Supreme and this Court, in the case of Jones v. The United States (25 C. Cls. R. 517, and 134 U. S. R., 483), that for the performance of judicial duty, as contradistinguished from clerical, the commissioner is entitled to a per diem compensation. For the performance of judicial duty he is to be paid per diem, and for the performance of all other duties he is to receive such specific compensation as may be prescribed by law. Judicial service is measured and paid for as time, while other services are paid for as specific acts. A day in law is ordinarily an indivisable unit and can not be apportioned.
“Although divisions of days are allowed to make priorities in questions concerning private acts and transactions, they are never allowed to make priorities in questions concerning public acts, such as legislative acts or public laws, or such judicial proceedings as are matters of record.” Welman’s Case (20 Vermont, 653). “ The law knows no division of a day.” Portland Bank v. Maine Bank, 2 Mass., 205.
“ Our law rejects fractions of a day more generally than the civil law does.” Lester v. Garland (15 Vesey’s Chancery R., 257.) In general the law does not notice fractions of a day; yet where questions of neglect, growing out of deeds, judgments, and other instruments bearing the same .date are concerned, the precise 'time of approval may be inquired into to prevent laws from operating retrospectively. (33 Op. Atty. Gen., 82.)
For the days disallowed by the department, the claimant has been paid for services in other cases, and having been paid for one day, he is not entitled to recover for the same day in this proceeding.
*5 The third item disallowed by the accounting officers embraces charges for services “before issuing warrants of arrest, where the service consisted of an examination of different and sworn complaints and deciding thereon (118) at $5 per day.”
By the law, subject to certain regulations, it is the duty of the commissioner to issue a warrant when a sufficient affidavit or complaint is made, and before he performs that duty he must necessarily pass upon the sufficiency of the allegations on which the party is to be arrested; but the performance of that duty can not by any fair reasoning be construed to be “ hearing and deciding on criminal charges ” within the meaning of the statute. Hearing a criminal charge implies a judicial hearing, and deciding a criminal charge implies a judicial determination after a hearing. After the defendant is arreste d and brought before the commissioner, if a motion is made to dismiss the prosecution because of the insufficiency of the complaint, hearing and deciding that motion would in its nature be judicial; but an examination of the complaint antecedent to the issuing of the warrant is not hearing and deciding a criminal charge, within the meaning of the statute. If the construction contended for should prevail, in every case where a warrant was issued, the officer would be entitled to a per diem compensation regardless of the question whether any arrest was made or not. The commissioner is allowed a fee for issuing the warrant, and in order to do that, he must necessarily examine the complaint and determine from that examination whether it is sufficient in law to justify the issuance of process. He is also allowed compensation for preparing the complaint, and is presumedin those cases to determine the legal sufficiency of the statement of the prosecutor before he reduces it to writing. He can not intelligently reduce the charge to writing without being fully possessed of the facts, and if after hearing the facts he proceeds to reduce them to writing by that act, he determines their legal sufficiency, and for that he is paid by the folio as for ministerial or clerical duty.
It is the judgment of the court that the claimant recover the sum of $173.05 for the charges allowed as shown by the findings, and the other charges are hereby dismissed.